# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

### ***

JASON K. SIMPSON,

                              Plaintiff,

vs.

S. DEVORE; *et.al.*,

                              Defendants.

Case No. 2:16–cv–2981–JCM–VCF

## ORDER AND REPORT & RECOMMENDATION

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 1) AND COMPLAINT (ECF NO. 1-1)

Before the court are Simpson's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1).   For the reasons stated below, Simpson's *in forma pauperis* application is granted and he may proceed with this action.   It is recommended that Simpson's complaint be allowed to proceed.

## I. Discussion

Simpson's filings present two questions: (1) whether Simpson may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Simpson's complaint states a plausible claim for relief.   Each is discussed below.

1. <u>Simpson May Proceed *In Forma Pauperis*</u>

Simpson's application to proceed *in forma pauperis* is granted.   28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor."   Pursuant to section 1915(a)(1), Simpson submitted a financial affidavit.  (ECF No. 1).   According to the affidavit, Simpson is unemployed and has no savings.   Simpson's application to proceed *in forma pauperis* is, therefore, granted.

1

## II. Legal Standard

Because the court grants Simpson's application to proceed *in forma pauperis*, it must review Simpson's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Simpson's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegation, which are accepted as true, "do

2

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."  *Id.* at 679 (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

1.    <u>Defendants Devore, Faller, Hawkins, LeBlanc, Lilienthal, Radke, Rinette, and Schoening</u>

"All claims that law enforcement officers have used excessive force—deadly or otherwise—in the course of an arrest must be analyzed under the Fourth Amendment and its 'reasonableness' standard."  *Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005).  The proper application of the Fourth Amendment's reasonableness test requires courts to consider "[1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officer or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight."  *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).  This list is non-exhaustive and courts are free to consider other factors that may be relevant in any particular case.  *Smith*, 394 F.3d at 700.

Simpson alleges that the above mentioned Defendants surrounded his car in the Suncoast casino parking lot, broke out his windows, dragged him out through the broken windows, then "punched and kicked Plaintiff while Plaintiff was laying helpless on the ground handcuffed."  (ECF No. 1-1)  Based on these allegations, Simpson has stated a claim that the aforementioned Defendants used excessive force when they arrested him.

2.    Defendants Theobold and Ziros

"[P]olice officer have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen."  *United States v. Koon*, 34 F.3d 1416, 1447 (9th Cir. 1994) *rev'd on other grounds*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).  "Importantly, however, officers can be held liable for failing to intercede only if they had an opportunity to intercede."  *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000).

Simpson alleges that Defendant Theobold "watched as Plaintiff was punched and kicked … and yell[ed] 'camera' then the kicking and punching stopped."  (ECF No. 1-1)  Simpson alleges that Defendant Ziros "instructed his men to use extreme force by punching and kicking while Plaintiff was handcuffed."  (*Id.*)  Based on these allegations, Simpson has stated claims against Defendants Theobold and Ziros.

3.    Defendant Snodgrass

"[T]he indiscriminate public disclosure of SSNs [social security numbers], especially when accompanied by names and addresses, may implicate the constitutional right to informational privacy."  *In re Crawford*, 194 F.3d 954, 958 (9th Cir. 1999).  Simpson alleges that Defendant Snodgrass left Simpson's criminal file, which contained his name, date of birth, social security number, and other confidential information, in the back seat of the car Simpson was driving when he was arrested.  (ECF No. 1-1)  The file was still in the back seat when the car was returned to the registered owner.  (*Id.*)  Based on these allegations, Simpson has stated a claim against Defendant Snodgrass for violating his constitutional right to informational privacy.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Simpson's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

4

IT IS FURTHER ORDERED that the Clerk of the Court filed the complaint.  (ECF No. 1-1).

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security.  This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS RECOMMENDED that Simpson's complaint (ECF No. 1-1) be allowed to proceed.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address.  The notification must include proof of service upon each opposing party or the party's attorney.  **Failure to comply with this Rule may result in dismissal of the action.**  *See* LSR 2-2.F

IT IS SO ORDERED and RECOMMENDED.

DATED this 13th day of January, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

5