UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JASON K. SIMPSON, | Case No. 2:16-CV-2981 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| S. DEVORE, et al., | |
| Defendant(s). | |

Presently before the court is defendants Thomas Faller, Daniel Hawkins, Brendan LeBlanc, Craig Lilienthal, Troy Radke, Lawrence Rinette, Timothy Schoening, Theodore Snodgrass, Linda Theobald, and Prokopios Ziros's motion to dismiss. (ECF No. 16). Plaintiff Jason Simpson filed a response (ECF No. 23), to which defendants replied (ECF No. 27).

Also before the court is plaintiff's motion for judgment on the pleadings. (ECF No. 24). Defendants filed a response. (ECF No. 30). Plaintiff has not replied, and the time for doing so has since passed.

Also before the court is plaintiff's motion for summary judgment. (ECF No. 25). Defendants filed a response, (ECF No. 31), to which plaintiff replied (ECF No. 45).

Also before the court is plaintiff's motion to extend time to respond to defendants' motion to dismiss. (ECF No. 26). Defendants filed a response. (ECF No. 28). Plaintiff has not filed a reply, and the time for doing so has since passed.

Also before the court is plaintiff's motion to amend his complaint. (ECF No. 46). Defendants filed a response, (ECF No. 47), to which plaintiff replied (ECF No. 52).

Also before the court is plaintiff's motion "asking the court to put a hold on anything asked of plaintiff by defendants until counsel can be appointed." (ECF No. 55). Defendants filed a response. (ECF No. 60). Plaintiff has not filed a reply, and the time for doing so has since passed.

Also before the court is plaintiff's motion "requesting a summary of everything filed in the matter be sent to plaintiff." (ECF No. 58). Defendants filed a response. (ECF No. 63). Plaintiff has not filed a reply, and the time for doing so has since passed.

Also before the court is plaintiff's motion "requesting the court to provide plaintiff with an expert and rebuttal expert or fees to hire one." (ECF No. 59). Defendants filed a response. (ECF No. 62). Plaintiff has not filed a reply, and the time for doing so has since passed.

Also before the court is plaintiff's motion "to remove S. Devore's name from this litigation since he is not a defendant." (ECF No. 65). Defendants have not filed a response, and the time for doing so has since passed.

**I.    Background**

In the instant case, plaintiff seeks to hold defendant police officers liable for conduct related to a May 25, 2016 arrest of plaintiff. The following factual recitation comes from plaintiff's complaint.

On May 25, 2016, plaintiff and his girlfriend visited Sun Coast Casino. *Id.* That day, plaintiff was driving a Mercedes that he did not own.[1] *Id.* While attempting to leave Sun Coast, unmarked vehicles attempted to surround the car driven by plaintiff. *Id.* When plaintiff attempted to change directions, one of the vehicles collided with the car driven by plaintiff. *Id.* The other vehicles immediately surrounded the car. *Id.* The unmarked vehicles were police vehicles. *Id.*

One of the defendants[2] shattered the windows of the Mercedes with the butt end of a shotgun and pulled plaintiff's girlfriend through the window by grabbing onto her head. *Id.* Defendant Ziros then pulled plaintiff through a shattered window, with shards of glass cutting into plaintiff's body as Ziros removed him from the car. *Id.* Plaintiff was thrown to the ground on his

---

[1] Plaintiff alleges the car belonged to another person. Neither the complaint nor any other filings in this case clarify who owned the car or why plaintiff was driving it that day.

[2] The complaint does not state which defendant shattered the windows of the Mercedes.

stomach and handcuffed. *Id.* Multiple defendants proceeded to punch and kick plaintiff's groin, ribs, thighs, face, and the back of his head. *Id.* Defendant Theobold yelled "camera," at which point defendants stopped punching and kicking plaintiff. *Id.*

Defendant Snodgrass was responsible for impounding the vehicle. *Id.* Snodgrass left a file containing an application for a search warrant and corresponding affidavit in the back of the vehicle. The documents contained plaintiff's personal information, including his social security number, date of birth, and details of an ongoing criminal case. *Id.* When the vehicle was returned to its owner, the owner "[r]ead [the file] and put a contract on [plaintiff's] life." *Id.*

Plaintiff filed the instant complaint on December 22, 2016. (ECF Nos. 1, 4). The complaint contains three causes of action: (1) a cruel and unusual punishment claim under the Eighth Amendment, (2) a "false testimony due process and or right to privacy" claim under the Fourth Amendment; and (3) an unlawful use of force claim under the Fourth Amendment. (ECF No. 4).

**II.     Legal Standard**

*a.    Failure to state a claim*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

*Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."  *Id.* (internal quotation marks omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### b.  Summary judgment

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party.  *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990).  However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial."  *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

  *c. Judgment on the pleadings*

  "[J]udgment on the pleadings is proper 'when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.'" *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007) (citation omitted). The allegations of the nonmoving party must be accepted as true while any allegations made by the moving party that have been denied or contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).

## III.  Discussion

  *a. Motion to dismiss*

  Defendants move to dismiss plaintiff's first claim of relief for failure to state a claim. (ECF No. 16). Defendants further move to dismiss all causes of action against defendants in their official capacities. *Id.*

  As an initial matter, the court will grant plaintiff's motion to extend time to file a response to defendants' motion for summary judgment. (ECF No. 26). Plaintiff, a prisoner at High Desert State Prison, demonstrates in his motion that his failure to file a timely response was due to excusable neglect. As public policy favors disposition of motions on the merits, *see Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("public policy favor[s] disposition of cases on their merits . . ."), the court will grant plaintiff's motion.

  Plaintiff's first and third claims in his complaint relate to excessive force under the Eighth and Fourth Amendments of the U.S. Constitution. (ECF No. 4). Eighth Amendment protections do not attach until after a conviction and sentence. *Graham v. Connor*, 490 US. 386, 392 n.6 (1989); *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977). Plaintiff's excessive force claims

relate to pre-indictment conduct. (ECF No. 4). Accordingly, his complaint fails to state a claim under the Eighth Amendment. *See Ingraham*, 430 U.S. at 671 n.40. The court will dismiss plaintiff's first cause of action.

Plaintiff's complaint sues defendants in both their individual capacities and in their official capacities as employees of the LVMPD. (ECF No. 4). Defendants assert that plaintiff's official capacity claims against them should be dismissed. (ECF No. 16).

Here, plaintiff's complaint lists the Las Vegas Metropolitan Police Department ("LVMPD") in the caption. However, the complaint does not list the LVMPD in its jurisdictional statement, its list of defendants, or in any of the causes of action. *Id.* The clerk's office has not listed the LVMPD as a party to the action, and did not issue a summons to LVMPD. *See* (ECF No. 11). Therefore, as the complaint properly names defendants in their official capacities, and the LVMPD is not currently a party to this action, the court will deny defendants' motion to dismiss plaintiff's causes of action against defendants in their official capacities without prejudice.

*b. Motion for judgment on the pleadings/summary judgment*

Plaintiff filed the same document three times. The documents are all titled "Plaintiff's Opposition to Defendant(s) Motion to Dismiss, Motion for Judgment on the Pleadings and Motion for Summary Judgment." (ECF Nos. 24, 25, 26).

At this stage in the proceedings, it is not the court's role to sit as the finder of fact, but rather to determine whether there are genuine issues of fact precluding judgment as a matter of law. *See Anderson*, 477 U.S. at 249. Plaintiff's allegations detail horrendous acts allegedly performed by defendants. However, plaintiff has not offered evidence, much less undisputed evidence, that all of his factual allegations are true. As defendants' responses to plaintiff's motions note, defendants contest many of the factual assertions in plaintiff's complaint. Plaintiff has not established that he is entitled to judgment as a matter of law. *See C.A.R. Transp. Brokerage Co.*, 213 F.3d at 480. The court will deny plaintiff's motions for judgment on the pleadings and summary judgment.

. . .

### c. *Motion to amend*

Plaintiff filed a motion to amend his complaint. (ECF No. 46). The motion does not contain an amended complaint, but instead attempts to add new requests for relief to plaintiff's original complaint. *Id.* As defendants note, a motion to amend must contain a proposed amended complaint that is complete within itself, and failure to file a proposed amended complaint is grounds to deny a motion for leave to amend. *See* LR 15-1.

Further, in this instance amendment would be futile. Plaintiff requests the court add additional relief which includes requests for monetary damages, to "dismiss and or vacate" state criminal proceedings against plaintiff, and for a court order terminating the employment of defendants as police officers with the LVMPD. *Id.* Plaintiff's motion does not cite any factual or legal basis for his requested monetary damages,[3] and the court cannot grant plaintiff the injunctive relief he requests in this case.

The court will deny plaintiff's motion to amend.

### d. *Motion "asking the court to put a hold on anything asked of plaintiff by defendants until counsel can be appointed"*

Plaintiff filed a motion pro se that the court will construe as a conditional motion to stay. (ECF No. 55); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . ."). Plaintiff requests that the court stay the case until counsel can be appointed for plaintiff.

Magistrate Judge Ferenbach granted plaintiff's initial motion for appointment of counsel, and referred his request for counsel to the pro bono program. (ECF No. 32). After three months, no counsel expressed interest in taking plaintiff's case on a pro bono basis. (ECF No. 51). Magistrate Judge Ferenbach removed plaintiff's case from the pro bono program. *Id.*

Thereafter, plaintiff filed a second motion to appoint counsel, or, in the alternative, fees to hire counsel. (ECF No. 56). Magistrate Judge Ferenbach denied plaintiff's second motion, "remind[ing] Plaintiff that pro bono counsel are volunteer lawyers who provide their time and

---

[3] Plaintiff's motion requests monetary damages of $100,000.00 against each defendant, except Snodgrass, for counts one and three, and $1,000,000.00 against Snodgrass for count two.

resources for those unable to afford an attorney. . . . It is not mandatory for volunteer counsel to take on cases that are referred to the pro bono program." (ECF No. 64).

As plaintiff's case has been removed from the pro bono program due to lack of interest, and plaintiff has expressed an inability to otherwise obtain counsel, he must proceed pro se if he wishes to continue litigating this action. Accordingly, the court will deny plaintiff's motion to stay the case until counsel can be appointed for plaintiff.

### e. Motion *"requesting a summary of everything filed in the matter be sent to plaintiff"*

Plaintiff filed a motion requesting the court send him a summary of everything filed in the matter. (ECF No. 58).

As defendants note, plaintiff's request in effect asks for legal assistance from the court. Plaintiff does not cite any case law or statute to support his request. The court cannot summarize the case for plaintiff, and will deny plaintiff's motion insofar as it requests a summary of the case.

Defendants note that plaintiff's motion is unclear as to its requested relief. (ECF No. 63). To the extent that plaintiff requests access to the court's online docket, defendants note that they do not oppose such a request.

### f. Motion *"requesting the court to provide plaintiff with an expert and rebuttal expert or fees to hire one"*

Plaintiff filed a motion "requesting the court to provide plaintiff with an expert and rebuttal expert." (ECF No. 59). In the alternative, plaintiff requests fees to hire experts himself. *Id.*

28 U.S.C. § 1915 is the statute authorizing waiver of prepayment of fees for litigants proceeding in forma pauperis. "The plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant." *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995); *accord Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987). "The plaintiff must bear the costs of litigation, including expert expenses, even in pro se cases." *Pearson v. Pasha*, No. CV 10-00035-H-DWM-RKS, 2011 WL 13136529, at *1 (D. Mont. Mar. 22, 2011).

Plaintiff cites no case law or statute that would authorize the court to hire or pay for experts on plaintiff's behalf. The court will deny plaintiff's motion.

. . .

*g. Defendant Devore*

Plaintiff filed a motion to remove S. Devore's name from this litigation. (ECF No. 65). Plaintiff alleges that Devore is not a defendant in the case. *Id.* Plaintiff's complaint names S. Devore as a defendant. (ECF No. 4). However, when the marshals service attempted to serve "S. Devore," they were unable to locate him. (ECF No. 13). The remarks on the summons page read "No such person; S. Devore #441." *Id.* As S. Devore was never served, and plaintiff represents a desire to remove Devore from the action, the court will dismiss plaintiff's claims against defendant Devore pursuant to Federal Rule of Civil Procedure 41.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 16) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff's motion for judgment on the pleadings (ECF No. 24) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (ECF No. 25) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to extend time to file a response to defendant's motion to dismiss (ECF No. 26) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion to amend his complaint (ECF No. 46) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion "asking the court to put a hold on anything asked of plaintiff by defendants until counsel can be appointed" (ECF No. 55) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion "requesting a summary of everything filed in the matter be sent to plaintiff" (ECF No. 58) be, and the same hereby is, DENIED.

1  IT IS FURTHER ORDERED that plaintiff's motion "requesting the court to provide

2 plaintiff with an expert and rebuttal expert or fees to hire one" (ECF No. 59) be, and the same

3 hereby is, DENIED.

4  IT IS FURTHER ORDERED that plaintiff's motion "to remove S. Devore's name from

5 this litigation since he is not a defendant" (ECF No. 65) be, and the same hereby is, GRANTED.

6 Plaintiff's claims against defendant Devore are hereby DISMISSED WITHOUT PREJUDICE.

7  DATED February 27, 2018.

8

9 UNITED STATES DISTRICT JUDGE